NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DANIEL M. DEFRANK,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-2284

---

Petition for review of the Merit Systems Protection Board in No. AT-1221-22-0154-W-1.

---

Decided:  May 9, 2025

---

DANIEL M. DEFRANK, Orlando, FL, pro se.

ELIZABETH W. FLETCHER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before PROST, TARANTO, and STARK, *Circuit Judges.*

PER CURIAM.

Daniel M. Defrank worked as a Certified Registered Nurse Anesthetist with the Department of Veterans Affairs (VA). After VA investigated him for possible diversion of narcotics, Mr. Defrank left his employment at VA. Mr. Defrank sought relief by appealing to the Merit Systems Protection Board (Board), alleging whistleblower reprisal. A Board-assigned administrative judge dismissed his appeal for lack of Board jurisdiction, Board Supplemental Appendix (S. Appx.) 9–14, and the full Board affirmed the administrative judge's decision, which became the final decision of the Board, S. Appx. 1–2. We now affirm.

I

In 2019, Mr. Defrank was working as a Certified Registered Nurse Anesthetist for VA in Orlando, Florida. S. Appx. 10; S. Appx. 30. According to his description of the relevant events, two coworkers accused him of diverting a narcotic, but VA "cleared" him after conducting a five-month investigation. S. Appx. 30. In addition, he says, VA officials threatened him with removal and ultimately forced his resignation after he reported both "the wasted government funds" used in the investigation and the protection VA provided his two coworkers after they "committed perjury." S. Appx. 30. Mr. Defrank does not currently work at VA. S. Appx. 27.

Mr. Defrank filed a complaint with the United States Office of Special Counsel (OSC), alleging that VA officials proposed his removal "for conduct unbecoming a federal employee" in retaliation for making protected disclosures or engaging in protected activities. S. Appx. 31; *see also* 5 U.S.C. § 2302(b)(8), (9). In May 2021, Mr. Defrank also filed a complaint with VA's Office of Accountability and Whistleblower Protection (OAWP). S. Appx. 31;

Petitioner's Appendix (Appx.) 13.[1]  OAWP referred the complaint to VA's Office of Inspector General (OIG), which accepted it for investigation.  S. Appx. 31.  On December 13, 2021, OSC sent a letter to Mr. Defrank stating that it had terminated its inquiries into his allegations against VA officials and notifying him of statutory provisions for an Individual Right of Action (IRA) appeal to the Board under 5 U.S.C. §§ 1214(a)(3) and 1221.  S. Appx. 30–31.

On January 12, 2022, Mr. Defrank filed an IRA appeal to the Board.  S. Appx. 27–32.  The next day, the Board-assigned administrative judge ordered Mr. Defrank to file a statement to address the matters central to whether the Board had jurisdiction over his appeal.  S. Appx. 33–41 (Order on Jurisdiction and Proof Requirements).  In addition to details about his OSC complaint, Mr. Defrank was directed to include the following information in his statement:

> (1) [his] protected disclosure(s) or activity(ies); (2) the date(s) [he] made the disclosure(s) or engaged in the activity(ies); (3) the individual(s) to whom [he] made any disclosure(s); (4) why [his] belief in the truth of any disclosure(s) was reasonable; (5) the action(s) the agency took or failed to take, or threatened to take or fail to take, against [him] because of [his] disclosure(s) or activity(ies); [and] (6) why [he] believe[s] a disclosure or activity, or a

---

[1]    This court docketed Mr. Defrank's informal brief and attachments as a single document, Document No. 2, in our Electronic Case Filing (ECF) system.  The ECF system assigned consecutive page numbers (1 to 32) to the pages of the document.  We consider the attachments as his Appendix, and we use the ECF page numbers to cite it.  Some of the material he attached was not on the record before the Board.

perception of such a disclosure or activity, was a
contributing factor to the action(s) . . . .

S. Appx. 39. Mr. Defrank did not file a statement, and VA
moved to dismiss the appeal for lack of Board jurisdiction.
S. Appx. 11; *see also* S. Appx. 25.

The administrative judge, on February 4, 2022, dis-
missed Mr. Defrank's IRA appeal for lack of jurisdiction.
S. Appx. 9–22. The administrative judge reasoned that
Mr. Defrank had not established that the disclosures he de-
scribed in his initial appeal and narrative were protected
disclosures under 5 U.S.C. § 2302(b)(8)(A). S. Appx. 12–
14. Construing his complaint that was referred to OIG as
protected activity under 5 U.S.C. § 2302(b)(9), the admin-
istrative judge also concluded that Mr. Defrank had not
met the jurisdictional threshold on the issue of his OIG
complaint being "a contributing factor to a personnel ac-
tion" because he had "not ma[d]e a nonfrivolous allegation
that any agency official involved in a personnel action
taken against him had knowledge of his OIG complaint."
S. Appx. 13–14.

Mr. Defrank filed a petition for full Board review of the
initial decision. On July 15, 2024, the Board denied the
petition and affirmed the administrative judge's decision,
which became the final decision of the Board. S. Appx. 1–
2. Mr. Defrank timely filed this appeal. We have jurisdic-
tion under 28 U.S.C. § 1295(a)(9). *See also* 5 U.S.C.
§ 7703(b)(1)(B).

## II

Mr. Defrank challenges the Board's dismissal of his
IRA appeal for lack of jurisdiction. We may set aside the
Board's decision only if it is "(1) arbitrary, capricious, an
abuse of discretion, or otherwise not in accordance with
law; (2) obtained without procedures required by law, rule,
or regulation having been followed; or (3) unsupported by
substantial evidence." 5 U.S.C. § 7703(c). Whether the

Board has jurisdiction over a case is a legal question that we answer de novo. *Forest v. Merit Systems Protection Board*, 47 F.3d 409, 410 (Fed. Cir. 1995). "A petitioner bears the burden of establishing that the Board has jurisdiction by a preponderance of the evidence." *McCarthy v. Merit Systems Protection Board*, 809 F.3d 1365, 1373 (Fed. Cir. 2016) (citing *Serrao v. Merit Systems Protection Board*, 95 F.3d 1569, 1573 (Fed. Cir. 1996) (citing 5 C.F.R. § 1201.56(a)(2))).

For the Board to have jurisdiction over the IRA appeal here, Mr. Defrank had to have exhausted the whistleblowing remedies available from OSC and presented non-frivolous allegations that (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaging in protected activity under 5 U.S.C. § 2302(b)(9) and that (2) the whistleblowing activity was a contributing factor in VA's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *See Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1367 (Fed. Cir. 2020); *Cahill v. Merit Systems Protection Board*, 821 F.3d 1370, 1373 (Fed. Cir. 2016); *see also* 5 U.S.C. § 1221. In this case, there is no dispute about exhaustion or about the sufficiency of the allegation that VA took a qualifying personnel action (*i.e.*, threatened removal). *See* S. Appx. 12; 5 U.S.C. § 2302(a)(2)(A). The dispute is limited to the whistleblowing-activity and contributing-factor elements. For the reasons below, we see no basis for setting aside the Board's decision.

Mr. Defrank contends that he made protected disclosures when he reported violations of law and a waste of funds. Defrank Informal Brief at 3; S. Appx. 30.[2] A

---

[2]   To the extent that Mr. Defrank relies on arguments and evidentiary support that he did not put forth before the Board, we disregard such matters. *See Sistek v.*

protected disclosure is "any disclosure of information by an employee . . . which the employee . . . reasonably believes evidences . . . any violation of any law, rule, or regulation, or . . . gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety."  5 U.S.C. § 2302(b)(8)(A).

Mr. Defrank stated in the narrative he attached to his IRA appeal to the Board that he "reported the facts to the police and management" and "reported the wasted government funds."  S. Appx. 30.  Although the administrative judge ordered Mr. Defrank to provide additional details, he did not respond with any information or evidence about what he disclosed, to whom he made the disclosures, and the factual basis for his disclosures.  S. Appx. 11; S. Appx. 39; *see also* Board Response Brief at 9–10.  The administrative judge concluded that the "closest [Mr. Defrank] comes to specifying a type of [protected] disclosure is OSC's characterization of his claim that the agency's investigation into his alleged misconduct wasted tax dollars," but that such a "vague, self-serving assertion falls well short of nonfrivolously alleging a gross waste of funds." S. Appx. 13 n.3 (citations omitted); *see also Chambers v. Department of Interior*, 515 F.3d 1362, 1366 (Fed. Cir. 2008) (explaining that "a gross waste of funds requires 'more than debatable expenditure that is significantly out of proportion to the benefit reasonably expected to accrue to the government'" (citations omitted)).  We see no error in the Board's determination that Mr. Defrank did not make

---

*Department of Veterans Affairs*, 955 F.3d 948, 953 n.1 (Fed. Cir. 2020); *Bosley v. Merit Systems Protection Board*, 162 F.3d 665, 668 (Fed. Cir. 1998); *see also* Board Response Brief at 7–8.  As he did not file a statement in response to the administrative judge's jurisdiction order, we rely on the information Mr. Defrank provided in his initial IRA appeal. S. Appx. 27–32.

a nonfrivolous allegation of a protected disclosure under 5 U.S.C. § 2302(b)(8). *See* 5 C.F.R. § 1201.4(s).

Nor do we see error in the Board's treatment of Mr. Defrank's filing of a complaint with VA's OAWP, which referred it to VA's OIG for investigation. S. Appx. 31–32. The Board (through the administrative judge) concluded that Mr. Defrank, in that complaint, had made a nonfrivolous allegation of a protected activity under 5 U.S.C. § 2302(b)(9). S. Appx. 13. But the Board also determined that Mr. Defrank did not make sufficiently precise charges that the protected activity of filing the OIG complaint was a contributing factor in VA's personnel action. S. Appx. 13–14. We see no reversible error in that determination.

Mr. Defrank argues that VA retaliated against him when he was "threatened by [Human Resources] and management with being fired" and "forced to resign from the VA by [his] boss." S. Appx. 30. But Mr. Defrank did not allege that his supervisor or other VA officials involved in the identified personnel action were aware of his complaint or that the alleged threatening of removal (on date(s) he did not allege) was done after he filed the complaint in May 2021. *See* S. Appx. 30; S. Appx. 14; 5 U.S.C. § 1221(e)(1); *Kerrigan v. Merit Systems Protection Board*, 833 F.3d 1349, 1354–55 (Fed. Cir. 2016) (affirming Board's dismissal because employee did not make specific allegations that the officials who took the personnel action had knowledge of protected activity). The Board correctly concluded that Mr. Defrank could not "establish that the OIG complaint was a contributing factor to a personnel action" without alleging "such knowledge . . . in the absence of any other evidence of a connection between the complaint and the personnel action." S. Appx. 14.

## III

We have considered Mr. Defrank's other arguments and find them unpersuasive. We affirm the Board's dismissal of Mr. Defrank's complaint for lack of jurisdiction.

The parties shall bear their own costs.

**AFFIRMED**